IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON

STEVEN ROSS JACKSON,
                                            Civil No. 08-6411-BR
          Petitioner,
                                            OPINION AND ORDER
     v.

BRIAN BELLEQUE, Superintendent,
Oregon State Penitentiary,

          Respondent.

     **JAMES D. VAN NESS**
     Van Ness, Mooney L.L.C.
     2580 State Street
     Salem, OR  97301

          Attorney for Petitioner

     **JOHN R. KROGER**
     Attorney General
     **JONATHAN W. DIEHL**
     Assistant Attorney General
     Department of Justice
     1162 Court Street NE
     Salem, OR  97301

          Attorneys for Respondent

1 - OPINION AND ORDER -

**BROWN, Judge.**

Petitioner, an inmate at the Oregon State Penitentiary, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court **DENIES** the Petition for Writ of Habeas Corpus.

## BACKGROUND

Between December 2003 and November 2004, Petitioner engaged in a methamphetamine-induced crime spree. In three separate cases, a Lane County grand jury indicted Petitioner on a total of 63 counts: 35 counts of Theft in the First Degree; nine counts of Felon in Possession of a Firearm; four counts of Theft in the Second Degree; two counts each of Burglary in the First Degree, Aggravated Theft in the First Degree, Unlawful Possession of a Controlled Substance, and Unlawful Entry in a Motor Vehicle; and one count each of Burglary in the Second Degree, Forgery in the First Degree, Identity Theft, Criminal Mischief in the First Degree, Unlawful Use of a Motor Vehicle, Possession of a Burglary Tool, and Initiating a False Report.

Petitioner eventually reached a negotiated agreement with the State whereby Petitioner agreed to plead guilty to a total of 34 separate charges. Prior to entering his guilty pleas, Petitioner signed plea petitions in each of the three cases in which he acknowledged the rights he was waiving by pleading guilty,

2 - OPINION AND ORDER -

admitted to the facts as set forth in the indictments, stated that he understood the District Attorney would recommend a total sentence of 204 months of imprisonment, and stated that he agreed to that sentence.  In exchange for Petitioner's guilty pleas, the State agreed to make the 204-month sentencing recommendation to the trial judge and to dismiss the remaining charges.

Following an extensive colloquy with Petitioner, the trial court accepted the guilty pleas.  The trial judge stated he was bound by the agreement of the parties to sentence Petitioner to a total of 204 months.  At sentencing, apparently due to an error in the sentence calculations, the judge sentenced Petitioner to a total of 197 months in prison, 7 months less than agreed upon.

Petitioner did not file a direct appeal.  Petitioner did seek state post-conviction relief ("PCR").  Following an evidentiary hearing, the PCR trial judge denied relief.  On appeal, Petitioner's counsel filed a brief pursuant to *State v. Balfour*, 311 Or. 434, 814 P.2d 1069 (1991)[1], to which Petitioner appended a "Section B."  The Oregon Court of Appeals granted the State's

---

[1] Upon concluding that only frivolous issues exist on appeal, a *Balfour* brief allows appointed counsel to meet constitutional requirement of "active advocacy" without violating rules of professional conduct.  Section A, signed by counsel, contains a statement of the case, including a statement of facts, sufficient to apprise the court of the jurisdictional basis for the appeal, but contains no assignments of error or argument.  Section B, signed only by the appellant, is a presentation of the issues that appellant seeks to raise but that counsel considers to be frivolous.  *Balfour*, 311 Or. at 451-52.

3 - OPINION AND ORDER -

motion for summary affirmance. Resp. Exh 130. The Oregon Supreme Court denied review. Resp. Exh. 132.

On December 30, 2008, Petitioner filed his habeas corpus action in this Court. In his Petition for Writ of Habeas Corpus he alleges the following grounds for relief:

> **Ground One:** The Petitioner received ineffective assistance of counsel from his trial level counsel, in violation of the Sixth Amendment to the United States Constitution. Specifically, trial counsel failed to:
>
> 1) object to the trial judge's imposition of enhanced prison sentences upon Petitioner, that were in excess of the presumptive sentences, on counts 1 and 3 in case 20-04-20694, counts 2 and 4 in case 20-04-22989, and count 3 in case 20-04-22931;
>
> 2) object to the trial judge's imposition of unlawful consecutive sentences upon Petitioner on count 3 in case 20-04-20694, and counts 4 and 5 in case 20-04-22989, object to the trial judge's imposition of enhanced prison sentences upon Petitioner that were in excess of the presumptive sentences, without the predicate facts justifying such enhanced sentences being submitted to a jury and proved beyond a reasonable doubt;
>
> 3) object to the imposition of a total sentence that is disproportionate to the crimes for which Petitioner was convicted, which is cruel and unusual punishment; and
>
> 4) object to the trial judge's failure to follow the "Shift to I" rule when he imposed sentence on Petitioner.

Respondent argues Petitioner procedurally defaulted all of the claims alleged, that Petitioner's claims are without merit, and, in any event, that the state court decisions denying relief are entitled to deference under 28 U.S.C. § 2254(d) and (e)(1).

4 - OPINION AND ORDER -

## LEGAL STANDARDS

A state prisoner must exhaust all available state remedies either on direct appeal or through collateral proceedings (*e.g.*, state post-conviction relief) before a federal court may consider federal habeas corpus relief. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Coleman v. Thompson,* 501 U.S. 722 (1991) (requiring dismissal of federal petition unless all available state remedies as to all federal claims are exhausted). A prisoner satisfies the exhaustion requirement by "fairly presenting" his claims to the highest state court with jurisdiction to consider them, thereby affording the state courts the opportunity to consider the allegations of legal error and correct any violations of its prisoner's federal rights. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

A prisoner fairly presents his claims by describing in the state court proceeding both the operative facts and the legal theory on which his claim is based. *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003); *Anderson v. Harless*, 459 U.S. 4 (1982). A fair presentation requires a prisoner to state the facts that entitle him to relief, and to reference the federal source of law on which he relies, or a case analyzing the federal constitutional guarantee on which he relies, or to simply label

5 - OPINION AND ORDER -

his claim "federal." *Baldwin*, 541 U.S. at 32; *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). It is not enough that all the facts necessary to support the federal claim were available to the state courts, or that somewhat similar claims were made. *Anderson*, 459 U.S. at 6.

If a petitioner does not fairly present his federal claims in state court, and can no longer do so because they are procedurally barred under state law, the claims are procedurally defaulted in federal court. *O'Sullivan*, 526 U.S. at 848. When a claim is procedurally defaulted, federal habeas review is barred "unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a miscarriage of justice." *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Noltie v. Peterson*, 9 F.3d 802, 804-05 (9th Cir. 1993).

## DISCUSSION

On appeal from the PCR trial judge's denial of relief, Petitioner's counsel filed a *Balfour* brief containing a "Section A" in which counsel notified the court he "ha[d] not identified any nonfrivolous issue for appeal." Resp. Exh. 127, p. 2. In the "Nature of the Proceeding" portion of his Section A, counsel stated: "Petitioner filed a second amended petition for post-conviction relief, a copy of which is attached at ER 1-4." Resp.

6 - OPINION AND ORDER -

Exh. 127, p. 1. As his portion of the *Balfour* brief, Petitioner submitted a "Section B" in which he identified one Assignment of Error: "Failure to merge convictions and sentences in compliance with proper court procedure." Resp. Exh. 127, p. 3.

Petitioner argues in this Court that attaching a copy of the PCR Petition to the *Balfour* brief sufficed to exhaust all of the claims alleged therein and, therefore, he did not procedurally default any of the claims alleged in his federal habeas proceeding. Petitioner's argument is without merit.

In *Farmer v. Baldwin*, 346 Or. 67, 205 P.2d 871 (2009), the Oregon Supreme Court recently addressed a question certified from the Ninth Circuit Court of Appeals as to whether a petitioner properly raised his federal claims in the Oregon Supreme Court. In *Farmer*, the petitioner sought state post-conviction relief, which was denied. On appeal, counsel submitted a *Balfour* brief and prepared section A, which stated:

> Counsel has complied with the provisions of *Balfour* by contacting petitioner and post-conviction trial counsel for petitioner, in an effort to identify any nonfrivolous issues for appeal. Petitioner has been offered an opportunity to draft and submit a Section B brief with the assistance of counsel.
>
> Petitioner has decided to attach a copy of his post conviction petition, in the hopes of at least preserving all the issues presented therein.

7 - OPINION AND ORDER -

*Farmer*, 346 Or. at 70.  The brief ultimately contained no section identified as "Section B," but the petitioner did attach a copy of his post-conviction petition.

The petitioner then sought review in the Oregon Supreme Court.  The petition for review incorporated the *Balfour* brief by reference, but otherwise did not identify any legal questions presented on review.

The Oregon Supreme Court found that the petitioner's decision to attach the PCR petition as his *pro se* section B of the *Balfour* brief sufficed to raise on appeal the PCR trial court's denial of all of the claims alleged in the PCR petition.  The court explained:

> [A]n appellant's duty is to identify how a lower court has erred.  Instead of explaining how the trial court or the Court of Appeals erred, however, petitioner submitted his post-conviction petition as his section B.  That petition sought relief from conviction in the trial court; it did not identify any errors arguably committed in this proceeding by either the trial court or by the court of Appeals.  That said, however, when reading a petition filed by a *Balfour* litigant, we will attempt to give that petition a fair reading, rather than dismissing it out of hand.  In the instant case, we assume that, by filing his post-conviction petition as section B of his *Balfour* brief, petitioner intended to argue that his conviction was flawed on the grounds asserted therein and that the PCR court had erred in denying *all* of his claims for relief.  We take that as the claim that petitioner intended to present to this court.

*Id*. at 80 (emphasis in original).

8 - OPINION AND ORDER -

Here, Petitioner did not attach the PCR petition as his section B. Instead, he submitted a separate section B arguing that the trial judge erred in sentencing him.

Petitioner is correct that Petitioner's attorney attached the PCR petition to the brief. It appears he did so, however, as part of the "excerpt of record."

Oregon Rules of Appellate Procedure describe the form and function of the "excerpt of record" as follows:

> (2) When preparing an excerpt of record, the appellant shall be guided by the following considerations:
>
> (a) The excerpt of record shall include the pleadings relevant to the issue or issues raised on appeal, any written opinion or findings of fact issued by the trial judge addressing a ruling to which error is assigned, any order disposing of the claim to which an assignment of error relates, and the judgment document or order being appealed.

Or. R. App. P. 5.50(2)(a).

The record does not suggest Petitioner's attorney attached the PCR petition as an attempt to raise the claims alleged therein before the Court of Appeals. Indeed, it would be anomalous for counsel to do so after certifying that he found no non-frivolous issues for appeal.

The Court notes Petitioner's Section B of his *Balfour* brief also failed to fairly present to the Oregon Court of Appeals the ineffective assistance of counsel claims alleged in his federal habeas petition. In his Section B, Petitioner focused on the

9 - OPINION AND ORDER -

trial court's alleged errors of state law in sentencing Petitioner.  Petitioner referred only in passing to trial counsel's failure to object to the alleged sentencing errors; moreover, Petitioner did not indicate he intended to present ineffective assistance of counsel as a federal claim.

In the Ninth Circuit, "a petitioner has not fairly presented his federal claim to a state court unless he 'specifically indicated to that court that those claims were based on federal law.'" *Pinell v. Belleque*, 638 F.Supp.2d 1231, 1241 (D. Or. 2009) (quoting *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended by* 247 F.3d 904 (9th Cir. 2001)).  Indeed, the "mere mention of the federal Constitution as a whole, without specifying an applicable provision, or an underlying federal legal theory, does not suffice to exhaust the federal claim."" *Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir. 2005).

Here, Petitioner's failure to mention federal law in his Section B of the *Balfour* brief falls short of even the vague mention noted in *Fields*, and does not constitute a fair presentation of the claim to the state courts.

Thus, the Court concludes Petitioner procedurally defaulted his federal ineffective assistance of counsel claims alleged herein.  Because Petitioner does not argue the existence of cause and prejudice or a fundamental miscarriage of justice excusing his

10 - OPINION AND ORDER -

procedural default, this Court must deny the Petition for Writ of Habeas Corpus.

## CONCLUSION

For these reasons, the Court **DENIES** the Petition for Writ of Habeas Corpus and **DISMISSES** this action.

**IT IS FURTHER ORDERED** that, should Petitioner appeal, the Court **DENIES** a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this <u>21st</u> day of January, 2010.

                               <u>/s/ Anna J. Brown</u>
                                ANNA J. BROWN
                                United States District Judge